UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| CELESTE B. DELFIN, | ) | Civil Action No. 4:20-cv-3651-SAL-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | **ORDER** |
| | ) | |
| GRANDEUR MANAGEMENT, INC. | ) | |
| and RAJA I. YOUNAS, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## I.    INTRODUCTION

This action arises from a past employment relationship between Plaintiff and Defendant Grandeur.  Presently before the Court are Plaintiff's Motion for Extension of Time (ECF No. 11), Defendants' Motion to Dismiss (ECF No. 15), and Plaintiff's Motion to Amend Complaint (ECF No. 19).  All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC.

## II.    DISCUSSION

### A.    Motion for Extension of Time

Plaintiff, who is proceeding pro se, filed this action on October 19, 2020, and service was authorized on October 22, 2020.  Order (ECF No. 7).  Service was due by January 20, 2021. See Summons (ECF No. 8).  On March 22, 2021, Plaintiff filed a Motion for Extension of Time seeking to extend the deadline for serving the summons and complaint for an unspecified amount of time. Plaintiff admitted that she was unfamiliar with the rules of court and did not understand the service requirement.  However, on April 2, 2021, J.W. Nelson Chandler and Christina D. Parnell entered

an appearance on behalf of Defendants with no limitations or reservations, see Notices of Appearance (ECF Nos. 12, 13), and filed Local 26.01 Answers to Interrogatories (ECF No. 14). On April 8, 2021, Defendants filed a Motion to Dismiss (ECF No. 15), seeking dismissal of Plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failing to state a claim under the Trafficking Victims Protection Act (TVPA), 18 U.S.C. § 1595. Defendants have not argued that service of process was insufficient. Federal Rule of Civil Procedure 12(h)(1) provides for the waiver of defenses regarding service of process when the defense is not raised in a motion prior to the filing of a responsive pleading or in a responsive pleading. Specifically, Rule 12(h)(1) states that "a party waives any defense listed in Rule 12(b)(2) to (5) by . . . (B) failing to either: (i) make it by motion under this rule; or (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course. It appears from Defendants' filings that they have received a copy of Plaintiff's complaint either by service or otherwise. Because Defendants have failed to challenge service of the summons and complaint, any defense regarding service has been waived. Therefore, Plaintiff's Motion for Extension of Time is moot.

### B.     Motion to Dismiss and Motion to Amend Complaint

In their Motion to Dismiss, Defendants argue that dismissal is proper because Plaintiff has not plausibly alleged a claim for "trafficking" under 18 U.S.C. § 1590 of the TVPA nor has she plausibly alleged a claim for "forced labor" under 18 U.S.C. § 1589 of the TVPA. Thereafter, Plaintiff filed a Motion to Amend her Complaint. Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend should be given freely when justice so requires. "Although leave to amend should be freely given when justice so requires, ... [a] district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." Equal Rights Ctr. v. Niles Bolton Assocs., 602 F.3d 597,

603 (4th Cir. 2010) (alteration, citations, and internal quotation marks omitted).  Defendants argue that Plaintiff's motion should be denied because her proposed amendments would be futile.  "A proposed amendment is futile when it is clearly insufficient or frivolous on its face ... [or] if the claim it presents would not survive a motion to dismiss." <u>Save Our Sound OBX, Inc. v. N.C. Dep't of Transp.</u>, 914 F.3d 213, 228 (4th Cir. 2019) (citation and internal quotation marks omitted).  Based upon the allegations in the proposed Amended Complaint, the undersigned cannot conclude at this juncture that allowing Plaintiff to file the proposed Amended Complaint would be futile.  <u>See</u>, <u>e.g.</u>, <u>Adia v. Grandeur Mgmt., Inc.</u>, 933 F.3d 89, 93 (2d Cir. 2019) (holding that threat to withdraw sponsorship of plaintiff's H2-B visa plausibly alleged violation of § 1589(a)(3)); <u>Panwar v. Access Therapies, Inc.</u>, 975 F. Supp. 2d 948, 958 (S.D. Ind. 2013) (holding that threat of causing plaintiff's visa to be revoked plausibly alleged violation of § 1589(a)(3)).  Therefore, Plaintiff's Motion to Amend Complaint is granted and the clerk's office is directed to file the Amended Complaint, which is attached as an exhibit to Plaintiff's motion.  As a result, Defendants' Motion to Dismiss the original Complaint is moot.

## III.    CONCLUSION

For the reasons discussed above, Plaintiff's Motion for Extension of Time (ECF No. 11) is **MOOT**, Plaintiff's Motion to Amend Complaint (ECF No. 19) is **GRANTED**, and Defendants' Motion to Dismiss (ECF No. 15) is **MOOT**.  The clerk's office is directed to file the Amended Complaint, which is attached as an exhibit to Plaintiff's motion.

IT IS SO ORDERED.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

August 16, 2021
Florence, South Carolina